**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HARRY PLOSS, *Individually and on Behalf of All
Others Similarly Situated*,

                        Plaintiff,

v.

BANKATLANITC BANCORP INC., JAMES A.
WHITE, VALERIE C. TOALSON, JARETT S.
LEVAN and ALAN B. LEVAN

                        Defendants.

                       07 cv 10937 (SWK)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOVANTS OTIS AND DONNA BROWN MOTION FOR LEAD PLAINTIFFS AND LEAD PLAINTIFF' COUNSEL.

### PRELIMINARY STATEMENT

BankAtlantic investors, Otis Brown and Donna Brown (the "Proposed Lead Plaintiffs" or "Movants"), have sustained losses totaling approximately $284,100.00.  Accordingly, the Proposed Lead Plaintiffs are believed to have suffered the largest financial loss of any other Movant, and, as such, have the largest financial interest in the outcome of this litigation.  As the most adequate plaintiffs, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movants hereby move for their appointment as Lead Plaintiffs of a proposed class of persons or entities who purchased BankAtlantic Bancorp Inc. ("Company") stock between November 9, 2005 and October 25, 2007, inclusive (the "Class Period").

### INTRODUCTION

The actions filed against the Company are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule

10b-5 promulgated thereunder.

The Proposed Lead Plaintiffs, with losses of approximately $284,100.00, in connection with their purchases of BankAtlantic stock during the Class Period, are suitable and adequate to serve as Class representatives.[1]  The Proposed Lead Plaintiffs' losses represent the largest known financial losses of any Class member(s) seeking to be appointed as lead plaintiff.  *See* Evan J. Smith, Esquire Declaration at Exhibit A.  Movant is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that sustained greater financial losses.  In addition, Movants satisfy each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, are qualified for appointment as Lead Plaintiff in these actions.  Thus, as demonstrated herein, Movants are presumptively the most adequate Plaintiffs and should be appointed Lead Plaintiffs.

The Proposed Lead Plaintiffs respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) appointing Otis and Donna Brown, to serve as Lead Plaintiffs pursuant to Section 21D of the Exchange Act; and (2) approving the Proposed Lead Plaintiffs' selection of Brodsky & Smith, L.L.C. as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced on or about October 29, 2007.  Pursuant

---

[1]  The losses suffered by Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

to 15 U.S.C. §78u-4(a)(3)(A)(I), on October 29, 2007, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than December 28, 2007.  *See* Smith Declaration at Exhibit B.

The Proposed Lead Plaintiffs are class members (*see* Smith Declaration at Exhibit A) and are filing this motion within the 60 day period following publication of the October 29, 2007 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[2]

Defendant BankAtlantic Bancorp Inc. describes itself as "a financial services holding company and the parent company of BankAtlantic, which provides a comprehensive offering of consumer banking services and products, as well as encompassing commercial real estate lending market throughout Florida."  As of March 8, 2007, it offered its services through 93 branches and 200 automated teller machines in southeast Florida and the Tampa Bay area.  Its approximately 56,221,873 million shares of outstanding stock trade actively on the New York Stock Exchange under the symbol "BBX."  The Company maintains its principal executive offices at 2100 West Cypress Creek Road, Fort Lauderdale, Florida.

Defendant Alan Levan currently serves as CEO and Chairman of the Board of BankAtlantic Bancorp Inc., positions he held throughout the Class Period.  Defendant Jarrett Levan serves as President of BankAtlantic Bancorp and Chief Executive Officer and President of the wholly owned subsidiary, BankAtlantic. He is also a member of the Board of Directors of BankAtlantic and BankAtlantic Bancorp, Inc.  Defendant Toalson is Executive Vice President

---

[2] These facts were derived from the allegations contained in the class action styled as *Hubbard v. BankAtlanitc*

and Chief Financial Officer of BankAtlantic, the banking subsidiary of BankAtlantic Bancorp.
Defendant White served as Executive Vice President and Chief Financial Officer of
BankAtlantic, the banking subsidiary of BankAtlantic Bancorp until June 2007.  Defendants
Alan Levan, Jarrett Levan, James White and Valerie Toalson will from time to time be referred
to herein as "the Individual Defendants."

Throughout the Class Period, Defendants failed to disclose material adverse facts about the
Company's financial well-being, business relationships, and prospects.  Specifically, Defendants
failed to disclose or indicate the following: (1) that the Company had granted a $27 million loan
without having obtained an adequate appraisal of the underlying collateral; (2) that the Company had
failed to properly classify this under-collateralized $27 million loan as an impaired loan; (3) that the
Company's exposure to "at-risk" loans was significantly understated; (4) that the Company had
significantly under-reserved for loan losses in its portfolio, which had the effect of understating the
Company's loan loss reserves and overstating its net income; (5) that the Company had deferred the
recognition of losses associated with certain non-accrual loans rather than taking timely writedowns
on such loans; (6) that, as a result of the above, the Company's financial statements were materially
false and misleading at all relevant times; (7) that the Defendants had failed to comply with the
Company's policies relating to collateral based lending, underwriting and risk management; (8) that
the Company lacked adequate internal and financial controls; and (9) that, as a result of the
foregoing, the Company's statements about its financial well-being and future business prospects
were lacking in any reasonable basis when made.

On October 25, 2007, the Company shocked investors when it reported its third quarter

---

*Bancorp Inc.*, et al., 07-cv-61542-UU (S.D. Fla. filed October 29, 2007), attached to the Smith Decl. at Exhibit D.

2007 financial and operational results.  For the quarter, the Company announced a net loss of $29.6 million, or ($0.52) per diluted share, as compared to net income of $2.5 million, or $0.04 per diluted share, for the third quarter of 2006.  Additionally, the Company disclosed that its non-performing loans had increased from $21.8 million at June 30, 2007 to $165.4 million at September 30, 2007, and that its loss experience for the quarter was a net charge-off of $11.3 million, as compared to a net recovery of $0.2 million for the quarter ended September 30, 2006.  Included in the $11.3 million net charge-off was $8.8 million related to the write-down of one "builder land bank loan."  On this news, the Company's shares fell $2.93 per share, or over 38.3 percent, to close on October 26, 2007 at $4.72 per share, on unusually heavy trading volume.

Movants purchased BankAtlantic stock during the Class Period and have suffered estimated losses of approximately $284,100.00 as a result of Defendants' misconduct.  *See* Smith Declaration at Exhibit C.

## ARGUMENT

I.  **THE PROPOSED LEAD PLAINTIFFS SHOULD BE APPOINTED LEAD PLAINTIFF.**

A.  **The Proposed Lead Plaintiffs Have Satisfied The Procedural Requirements Pursuant To The PSLRA.**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(I).  Plaintiff in the first-filed action

published a notice on *Marketwire* on October 29, 2007.  *See* Smith Declaration at Exhibit B.[3]

This notice indicated that applications for appointment as lead plaintiff were to be made no later

than December 28, 2007.  Within 60 days after publication of the required notice, any member or

members of the proposed class may apply to the Court to be appointed as lead plaintiff(s),

whether or not they have previously filed a complaint in this action.  15 U.S.C. §78u-4(a)(3)(A)

and (B).

### 1.    The Proposed Lead Plaintiffs Constitute The "Most Adequate Plaintiffs."

According to the PSLRA, the Court shall consider any motion made by a class member

and shall appoint as lead plaintiff the member of the class that the Court determines to be most

capable of adequately representing the interests of class members within 90 days after

publication of the initial notice of pendency.  15 U.S.C. §78u-4(a)(3)(B)(I).  In determining who

is the "most adequate plaintiff," the Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this title is the person or group of persons that-
>
> > (a)  has either filed the complaint or made a motion in response to
> > a notice . . .
> >
> > (b)  in the determination of the court, has the largest financial
> > interest in the relief sought by the class; and
> >
> > (c) otherwise satisfies the requirements of Rule 23 of the Federal
> > Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel*, 939 F. Supp. at 64; *Lax*, 1997 U.S. Dist.

---

[3] *Marketwire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  See, e.g., *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance*

LEXIS 11866 at *7.

In applying this presumption, the Proposed Lead Plaintiffs are demonstrably the most adequate plaintiffs. They have timely filed the motion to be appointed lead plaintiff along with proper certifications attesting to their transactions in BankAtlantic securities during the Class Period. *See* Smith Declaration at Exhibit A. In addition, the Proposed Lead Plaintiffs, with losses totaling approximately $284,100.00 as a result of their Class Period purchases of BankAtlantic securities, have the largest known financial interest in the relief sought by this action among class members filing motions for appointment as lead plaintiff. *See* Smith Declaration at Exhibit A. Moreover, the Proposed Lead Plaintiffs have selected and retained competent and experienced counsel to represent them and the Class. *See* Smith Declaration at Exhibit E.

Accordingly, the Proposed Lead Plaintiffs have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and respectfully submit that their application for appointment as Lead Plaintiffs and their selection of Lead Counsel should be approved by the Court.

**2.    The Proposed Lead Plaintiffs Have Made A Motion
For Appointment As Lead Plaintiffs.**

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Proposed Lead Plaintiffs timely move this Court to be appointed Lead Plaintiffs on behalf of all Plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

---

*Corp.*, No. 97 C 2715, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997).

### 3.    The Proposed Lead Plaintiffs Have The Largest Financial Interest.

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead Plaintiff the class member who represents the largest financial interest in the relief sought by the action. As is demonstrated herein, the Proposed Lead Plaintiffs have the largest known financial interest in the relief sought by the Class and accordingly, are presumed to be the "most adequate plaintiff."

Although the PSLRA is silent as to the manner in which the "largest financial interest" should be calculated, courts have noted that four factors are surely relevant to this inquiry.

> (1) the number of shares; (2) the number of net shares purchased; (3) the total net funds expended by the Plaintiff during the class period; and (4) the approximate losses suffered by the Plaintiff."

*In re Milestone Scientific Securities Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998) *quoting Lax* at *17.

During the proposed Class Period, the Proposed Lead Plaintiffs purchased shares of BankAtlantic stock at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and sustained financial losses of approximately $284,100.00. *See* Smith Declaration at Exhibit A.

Moreover, the legislative history of the PSLRA demonstrates that Congress intended to encourage large investors to come forward to serve as Lead Plaintiff. As the Statement of Managers of the Act noted:

> ***Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.***

House Conference Report No. 104-369, 104th Cong. 1st Sess. At 34 (1995) (Emphasis added).

-8-

**B.    The Proposed Lead Plaintiffs Otherwise Satisfy Rule 23.**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); *Lax*, 1997 U.S. Dist. LEXIS 11866 at *20.   As detailed below, the Proposed Lead Plaintiffs satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.

**1.    The Proposed Lead Plaintiffs Fulfill The Typicality Requirement.**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985), *cert. denied*, 474 U.S.

946 (1985).  However, the claims of the class representatives need not be identical to the claims

of the class to satisfy typicality.  Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions
> between the claims of the named Plaintiff and those of other class members.
> Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely-Van Camp,Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted);

*see also Halperin v. Nichols, Safina, Lerner & Co.*, No. 94 C 6960, 1996 U.S. Dist. LEXIS

16111, *13-14 (N.D. Ill. October 28, 1996).

The Proposed Lead Plaintiffs seek to represent a class of purchasers of BankAtlantic

securities which have identical, non-competing and non-conflicting interests.  The Proposed

Lead Plaintiffs satisfies the typicality requirement because, just like all other class members,

they: (1) purchased or acquired BankAtlantic securities during the Class Period; (2) at prices

allegedly artificially inflated by defendants' materially false and misleading statements and/or

omissions; and (3) suffered damages thereby.  Thus, the Proposed Lead Plaintiffs' claims are

typical of those of other class members since their claims and the claims of other class members

arise out of the same course of events.

### 2.      The Proposed Lead Plaintiffs Fulfill The Adequacy Requirement.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the

interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy

of the Proposed Lead Plaintiffs to represent the Class to whether there are any conflicts between

the interests of the Proposed Lead Plaintiffs and the members of the Class.  15 U.S.C. §78u-

4(a)(3)(B)(iii).  Here, the Proposed Lead Plaintiffs are adequate representatives of the Class.

The interests of the Proposed Lead Plaintiffs are clearly aligned with the members of the putative

-10-

Class, and there is no evidence of any antagonism between their respective interests. As detailed

above, the Proposed Lead Plaintiffs share common questions of law and fact with the members

of the Class and its claims are typical of the claims of other class members. Further, the

Proposed Lead Plaintiffs, Otis and Donna Brown, husband and wife, already have taken

significant steps demonstrating that they have and will protect the interests of the Class: they

have executed a certification detailing their Class Period transactions and expressing willingness

to serve as a class representative; have moved this Court to be appointed as lead Plaintiffs in this

action; and have retained competent and experienced counsel who, as shown below, will be able

to conduct this complex litigation in a professional manner. *See generally Lax*, 1997 U.S. Dist.

LEXIS 11866 at 21-25. Furthermore, the Proposed Lead Plaintiffs have the largest known

financial interest so that their "financial stake in the litigation provides an adequate incentive for

the [Proposed Lead Plaintiff] to vigorously prosecute the action." *In re Milestone Scientific*, 183

F.R.D. at 416. Thus, the Proposed Lead Plaintiffs *prima facie* satisfy the typicality (Rule

23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil

Procedure.

     Clearly, the Proposed Lead Plaintiffs satisfy all prongs of the Exchange Act's

prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. §78u-

4(a)(3)(B)(iii).

**III.   THE COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFFS'
       CHOICE OF COUNSEL**.

     Pursuant to 15 U.S.C §78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court

approval, select and retain counsel to represent the Class. In that regard, the Proposed Lead

Plaintiffs have selected and retained Brodsky & Smith, LLC to serve as Lead Counsel for the

Class.  This firm has extensive experience in prosecuting complex litigation matters and is well qualified to represent the Class.  *See* Smith Declaration at Exhibit D and the firm's website at www.brodsky-smith.com.

Because there is nothing to suggest that the Proposed Lead Plaintiffs or their counsel will not fairly and adequately represent the Class, or that the Proposed Lead Plaintiffs are subject to unique defenses -- which is the ***only*** evidence that can rebut the presumption of adequacy under the Act -- this Court should appoint Otis Brown and Donna Brown as Lead Plaintiffs and approve their selection of Brodsky & Smith, LLC as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Proposed Lead Plaintiff respectfully requests that the Court: (a) appoint Otis Brown and Donna Brown as Lead Plaintiffs; (b) approve Brodsky & Smith, LLC as Lead Counsel for the Class.

Dated: December 28, 2007                      Respectfully submitted,

                                              **BRODSKY & SMITH, LLC**

                                              By:*/s Evan J. Smith, Esquire (ES3254)*
                                              Evan J. Smith (ES3254)
                                              240 Mineola Blvd.
                                              Mineola, NY 11501
                                              Telephone:     (516) 741-4977
                                              Facsimile:     (516) 741-0626

                                              **Proposed Lead Counsel**